[No. 2402. Decided November 9, 1896.]

ATLANTIC TRUST COMPANY, *Trustee, Respondent,* v. FREDERICK C. BEHREND, *Defendant,* W. H. PLUMMER, *et ux., Appellants.*

MORTGAGES — FORECLOSURE BY ASSIGNEE — SUFFICIENCY OF TITLE — ESTOPPEL.

Where an assignment of a mortgage held by a mortgage company has been executed by one of its vice-presidents, under the seal of the corporation, and it is shown that it had been the custom of this officer for a considerable period of time prior thereto, to assign like

securities, the corporation is estopped to afterwards question his authority in that respect.

If an assignment of a mortgage is sufficient to estop the mortgagee from disputing it, the mortgagor cannot raise any question as to the validity of the assignment in an action of foreclosure instituted by the assignee.

Appeal from Superior Court, Spokane County.— HON. JAMES Z. MOORE, Judge. Affirmed.

*W. J. Thayer*, for appellants.
*O. G. Ellis*, and *H. D. Crow*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.— This appeal is from a decree foreclosing a mortgage, and the only reason suggested why such decree should be reversed is that the evidence was not sufficient to show that the mortgage and note accompanying the same had been assigned to the plaintiff in the action. It was claimed that the evidence was insufficient for two reasons; first, that the Lombard Investment Company to whom the mortgage was made had no power under its articles of incorporation as set out in the pleadings to make the assignment, and second, that if it did have such power, the purported assignment was not shown to have been executed by authority of the corporation.

We do not find it necessary to enter into the technical discussion contained in the briefs of counsel, for the reason that the defendant was not interested in this assignment except to the extent of seeing that the Lombard Investment Company had so parted with its title to the plaintiff that it could not afterwards claim ownership of the note and mortgage. Hence, it is immaterial whether or not all the forms prescribed for the assignment of the mortgage had been observed, if enough had been done by the mortgagee to estop it

or those claiming under it from afterwards asserting title to the mortgage. That such was the effect of what was shown by the evidence seems to us clear. It was proven that the assignment was executed by one of the vice-presidents of the corporation, and that the seal of the corporation was attached thereto; that this same officer had been in the habit of assigning like securities at different times extending over a considerable period. This being so, we are under the impression that the corporation which had thus allowed one of its officers to act and use its seal to authenticate the papers made by him, could not thereafter question his authority to do what he had done; and if the assignor could not question the assignment, then the assignee took such a title as it was necessary for it to have to maintain an action to foreclose the mortgage.

The decree will be in all things affirmed.

GORDON, SCOTT, ANDERS and DUNBAR, JJ., concur.